UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| BRENDA SMITS, | ) | |
| | ) | |
| Plaintiff, | ) | 13-223-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| CAROLYN W. COLVIN, Acting | ) | **ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

The plaintiff, Brenda Smits, seeks judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c), of an administrative decision of the Commissioner of Social Security ("Commissioner") denying her application for Child's Insurance Benefits.  The Court, having reviewed the record and for the reasons stated herein, will grant Smits' Motion for Summary Judgment [R. 15], and deny that of the Commissioner [R. 18].  Accordingly, this case will be remanded for further proceedings.

**I**

There is no question that Smits presently has a disabling visual impairment, and has been so disabled since September 19, 1985.  [Transcript ("Tr.") 105.]  Smits suffers from optic atrophy which is a congenital disease that has negatively affected her vision. [R. 15-1; Tr. 161, 256-260, 448.]  Smits current application does not, however, concern her present condition.  Rather, she seeks Child's Insurance Benefits ("CIB") for the time period between her eighteenth and twenty-second birthdays (beginning on November 21, 1966, and continuing through 1970).  [Tr. 35, 99.]  CIB benefits are available to individuals who (1) are disabled (as defined by 12 U.S.C. § 423(d)) before they reach the

age of 22, and (2) are unmarried at the time of their application, if they are (3) the dependent child of a person entitled to either old age, disability insurance benefits or are fully insured at the time of their death.  42 U.S.C. § 402(d).  Smits' CIB claim is based on the death of her father, Peter Smits, who was the qualifying wage earner and passed away on July 17, 2005.  [Tr. 99, 103.]

Smits filed her application for CIB in August, 2010.  [Tr. 99-100.]  It was initially denied and then denied again upon reconsideration [Tr. 51-54, 56-58.]  An Administrative hearing was conducted before Administrative Law Judge ("ALJ") Don C. Paris on November 29, 2011.  [Tr. 26-33.]  On January 13, 2012, ALJ Paris issued a decision denying CIB to Smits.  [Tr. 18-22.]

In evaluating a claim of disability, an ALJ conducts a five-step analysis.  *See* 20 C.F.R.  § 404.1520.[1]  First, if a claimant is performing a substantial gainful activity, he is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not "disabled" as defined by the regulations.  20 C.F.R. § 404.1520(c).  Third, if a claimant's impairments meet or equal one of the impairments listed in 20 C.F.R. Part

---

[1] The Sixth Circuit summarized this process in *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469 (6th Cir. 2003):

> To determine if a claimant is disabled within the meaning of the Act, the ALJ employs a five-step inquiry defined in 20 C.F.R. § 404.1520.  Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work, but at step five of the inquiry, which is the focus of this case, the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile.

*Id.* at 474 (internal citations omitted).

404, Subpart P, Appendix 1, he is "disabled." 20 C.F.R. § 404.1520(d). Before moving to the fourth step, the ALJ must use all the relevant evidence in the record to determine the claimant's residual functional capacity (RFC), which assesses an individual's ability to perform certain physical and mental work activities on a sustained basis despite any impairments experienced by the individual. *See* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Fourth, the ALJ must determine whether the clamant has the RFC to perform the requirements of his past relevant work, and if a claimant's impairments do not prevent him from doing past relevant work, he is not "disabled." 20 C.F.R. § 404.1520(e). The plaintiff has the ultimate burden of proving compliance with the first four steps. *Kyle v. Comm'r Of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010). Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is "disabled." 20 C.F.R. § 404.1520(f).

In this case, ALJ Paris preliminarily determined that Smits had not attained the age of 22 as of the alleged onset date of November 21, 1966. [Tr. 20.] At Step one, the ALJ found that Smits had not engaged in substantial gainful activity since that alleged onset date. [Tr. 20.] At Step two, the ALJ found that as of the date that Smits turned 22, November 20, 1970, there were "no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." [*Id.*] Based on this lack of evidence, ALJ Paris issued an unfavorable decision, finding that Smits was not disabled during the relevant timeframe and, therefore, not eligible to receive CIB. [Tr. 22.] The Appeals Council found no reason for review on May 15, 2013 [Tr. 1-6] and Smits now seeks judicial review in this Court.

**II**

This Court's review is limited to whether the Commissioner applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's decision.  42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997); *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).  "Substantial evidence" is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The substantial evidence standard "presupposes that there is a zone of choice within which [administrative] decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In determining the existence of substantial evidence, courts must examine the record as a whole.  *Cutlip*, 25 F.3d at 286 (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983)).  However, a reviewing court may not conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (citation omitted); *see also Bradley v. Sec'y of Health & Human Servs.*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Rather, if the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.

*See Ulman*, 693 F.3d at 714; *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

Smits raises two arguments on appeal to this Court. First, she argues that the ALJ erred by not applying Social Security Ruling 83-20, requiring her to provide contemporaneous medical records to prove her disabling condition, and by failing to order a consultative exam. [R. 15 at 4.] Second, Smits argues that the ALJ failed to give proper weight to the opinions of her treating physicians, Dr. James Ferrell, and Dr. Woodford VanMeter. [R. 15 at 6.]

## A

### 1

To be entitled to CIB, amongst other things, an applicant must demonstrate that they had a disability that began before they were 22 years old. 20 C.F.R. § 404.350(a)(5). As explained earlier, there is no question that Smits has had a disabling visual impairment since September 19, 1985. [Tr. 105.] This does not mean, however, that Smits was necessarily disabled between 1966 and 1970. *See Stringer v. Astrue*, 465 F. App'x 361, 365 (5th Cir. 2012) ("[A] finding that [the claimant] was disabled in October 1997 does not indicate that he was disabled before April 1, 1985, the date on which he turned 22.")

The ALJ's consideration was limited to the time between November 21, 1966 and November 21, 1970. [Tr. 28.] In deciding that Smits had failed to prove she suffered from a disability between 1966 and 1970, the ALJ depended heavily on Social Security Ruling 96-4p, which clarifies the social security administration's policy on "the evaluation of symptoms in the adjudication of claims for disability." SSR 96-4p. The

5

ruling explains that "[a] 'symptom' is not a 'medically determinable physical or mental impairment' and that no symptom by itself can establish the existence of such an impairment."  *Id*.  When there is no "showing that there is a 'medically determinable physical or mental impairment,' an individual must be found not disabled at step 2 of the sequential evaluation process."  *Id*.  It explains:

> No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment.

*Id.*  Smits was unable to produce any "treatment provider notes or medical tests related to the period in question," but did submit statements from a cousin and a high school teacher who knew her during the relevant timeframe.  [Tr. at 21.]  Smits also submitted affidavits from her treating physicians but neither treated her between 1966 and 1970. [*Id*.]  The last treatment notes provided to the ALJ were from 1976.  [Tr. 249-250.]  The ALJ determined that these statements and affidavits were insufficient, concluding that without "medical signs or laboratory findings, including objective contemporaneous medical records or vision acuity tests, to substantiate the existence of a medically determinable impairment," Smits could not establish that she was impaired between 1966 and 1970.  [*Id*.]  On this basis, he denied her claim.

Smits contends that "[t]here is no question that [she] is currently disabled because of her visual impairments and [the fact that she] is presently receiving SSI benefits.  [R. 15-1 at 5 (citing R. at 158.)]  Smits, who was found disabled by the SSA in 1985 (when she was 35 years old), faults the ALJ for not applying SSR 83-20—a rule that "state[s] the policy and describe[s] the relevant evidence to be considered when establishing the onset date of disability."  [R. 15 at 4-6; <u>Titles II & Xvi: Onset of Disability</u>, SSR 83-20,

6

at *1 (S.S.A. 1983)].  That rule, which is to be applied only after there is a finding of

disability, provides in relevant part that:

> With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. Determining the proper onset date is particularly difficult, when, for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available. In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process.

> Particularly in the case of slowly progressive impairments, it is not necessary for an impairment to have reached listing severity (i.e., be decided on medical grounds alone) before onset can be established.

SSR 83-20.  Smits contends that her visual impairment is slowly progressive and that the

ALJ should have evaluated her situation using the SSR 83-20 analysis.  [R. 15-1 at 5.]

Consistent with this provision, Smits argues the ALJ should have also sought the advice

of a medical examiner to aid him in determining the onset date.  [*Id*. at 6.]

The ALJ did not apply SSR 83-20.  As noted above, he relied heavily on the

absence of objective medical evidence from the alleged disability period, even noting in

his decision that "the claimant confirmed during the hearing that she is unable to produce

any treatment provider notes or medical tests relating to the period in question."  [Tr. 21.]

In its motion for summary judgment, the SSA contends that the ALJ was correct in not

applying SSR 83-20 because, "SSR 83-20 relates to cases where disability has been

established, and the date of onset has yet to be determined."  [R. 18 at 4.]  They argue

that because "the ALJ concluded [Smits] did not establish she had a medically

determinable impairment before Age 22," the ALJ did not find Smits disabled during the

relevant timeframe, and thus SSR 83-20 did not apply.  [*Id*.]  In the commissioner's eyes,

if the ALJ applies SSR 83-20, then he would have been putting the cart before the horse.

**2**

Only after an ALJ finds a claimant disabled, may they apply SSR 83-20 to determine an onset date.  *See Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997) ("Since there was no finding that the claimant is disabled as a result of his mental impairment or any other impairments or combination thereof, no inquiry into onset date is required."); *See also Seeley v. Comm'r of Soc. Sec.*, 2015 WL 305322, at *5 (6th Cir. Jan. 23, 2015); *Scheck v. Barnhart,* 357 F.3d 697, 701 (7th Cir.2004) ("The ALJ did not find that Scheck was disabled, and therefore, there was no need to find an onset date. In short, SSR 83–20 does not apply.").  As explained, the fact that Smits has previously been found disabled is not disputed.  In Smits' mind, the previous finding of disability is sufficient to trigger the application of SSR 83-20.  The Commissioner disagrees, arguing that because there was no finding of disability in the instant case, SSR 83-20 does not apply.  The question presented herein is whether, as the commissioner argues, the disability finding must be in the same proceeding or if a prior disability determination (i.e., Smits' 1985 disabiliity finding) is sufficient to trigger the application of SSR 83-20.  Neither party directly addresses the above, narrowly-framed issue.

While not cited by the parties, the Court notes that many other courts have addressed this issue.  In *Beasich v. Comm'r of Soc. Sec.*, the Plaintiff appealed a district court's decision denying him Child's Insurance Benefits for the years 1984-1988.  66 F. App'x 419 (3d Cir. 2003).  Plaintiff had applied for both Supplemental Security Income ("SSI") benefits and Child's benefits at the same time.  Ultimately, the Plaintiff was granted SSI benefits but, because there was "insufficient information in the record to determine his condition between the ages of 18 to 22 years, the SSA denied his claim for

disabled adult child's benefits." *Id. at* 421.  The Plaintiff complained that it was error for

the ALJ not to apply SSR 83-20's analytical framework for determining a disability onset

date.  *Id*. at 432.  The Third Circuit agreed:

> Here there was no dispute that, in the context of a separate application for SSI
> benefits, Beasich was determined to have been "disabled" as of August 1, 1996,
> by his psychiatric condition that was the result of his head injury in 1981. **In view
> of that earlier SSI disability finding, the task of the ALJ in the context here
> was to determine onset—*i.e.,* when Beasich's impairments first became
> disabling**. An earlier onset date assessment is mandated when a claimant already
> has been found disabled and alleges an earlier disability onset date.[]

*Id*. at 432-33 (emphasis added).

A similar situation arose in *Plumley v. Astrue*, where the claimant was found

disabled and eligible for SSI benefits on July 1, 1998.  2010 WL 520271, at *1 (D. Vt.

Feb. 9, 2010).  Eight years later, the claimant filed a second application, this time for

CIB.  *Id*.  The ALJ denied the application, finding that the claimant was not disabled

prior to February 15, 1981 (the date the claimant turned 22).  *Id*.  The District Court

remanded the case, explaining:

> In cases like this, where a claimant with an alleged disability onset date
> preceding her 22nd birthday files an application for adult child's benefits,
> and **has already been found disabled under another title of the Social
> Security Act** but for the period postdating her 22nd birthday, SSR 83–20
> requires the ALJ to determine the onset date of disability.[]

*Id.*, at *5 (emphasis added); *see also Falconi v. Astrue*, 2012 WL 5381833, at *4 (D. Vt.

Nov. 1, 2012) ("In cases like this, where a claimant has already been found disabled

under another title of the Social Security Act, SSR 83–20 requires the ALJ to determine

the onset date of disability and provides an analytical framework for determining that

date.") (citations omitted); *Fontaine v. Astrue*, 2007 WL 3023611, at *4 (D. Me. Oct. 12,

2007) aff'd, 2007 WL 3197285 (D. Me. Oct. 25, 2007) ("SSR 83-20 does not apply

unless and until a plaintiff has been determined to be disabled (for example, as the result of a grant of Supplemental Security Income ("SSI") benefits, eligibility for which is not dependent on acquisition of insured status.") (citations omitted).

District Courts in this Circuit have applied similar reasoning when confronted with the issue.  For example, In *Houston v. Comm'r of Soc. Sec.*, an ALJ considered the plaintiff's applications for both SSI and CIB, and concluded that the claimant was disabled as of March, 2007 for purposes of SSI but that there was insufficient evidence to prove a disability prior to the claimant's twenty-second birthday.  2011 WL 6152992, at *1 (E.D. Mich. Sept. 30, 2011) report and recommendation adopted, 2011 WL 6152982 (E.D. Mich. Dec. 9, 2011).  The commissioner argued that, because medical evidence is a prerequisite to a finding of disability under the Act, and because the ALJ found no medical evidence to support a finding of disability before the claimant turned 22, that the ALJ correctly denied the CIB claim under SSR 96-4p.  *Id*. at *11.  The district court disagreed, explaining that the ALJ *had* made a finding of disability (with regard to the SSI claim) and, therefore, erred by not operating within the framework laid out in SSR 83-20 in evaluating the CIB claim.  *Id*. at *11-12.

A similar scenario played out again in *Williams v. Comm'r of Soc. Sec.*, where the claimant was found disabled for purposes of receiving SSI benefits in January of 2007, but did not apply for disabled adult child's benefits until June 2009.  2014 WL 822191, at *1 (E.D. Mich. Feb. 10, 2014) report and recommendation adopted, 2014 WL 822489 (E.D. Mich. Mar. 3, 2014).  Again, because there was a previous finding of disability, the Court found that the ALJ should have applied the framework in SSR 83-20.  *Id*. at *9-10. In *Martin v. Comm'r of Soc. Sec.*, the Court again considered whether a claimant, who

10

had been "previously found disabled for the purpose of receiving SSI benefits" in 1986, was eligible to receive adult child's benefits for a period before November 25, 1979. 2014 WL 1048150, at *15 (E.D. Mich. Mar. 18, 2014). Recognizing that a finding of disability in 1986 was not determinative of whether the claimant was disabled in 1979, the Court determined that the ALJ should have applied SSR 83-20 to determine the appropriate onset date:

> contrary to the assertion of the Commissioner, the ALJ is required to follow the framework set forth in SSR 83–20, even when the ALJ has found at step two of the DAC proceeding that the claimant did not have a medically determinable impairment during the alleged disability period because of a lack of objective medical evidence establishing the existence of an impairment during that period, if the claimant has already been found disabled under another title of the Social Security Act.

*Id.*, at *15.

The aforementioned cases are on-point and collectively hold that ALJs who are reviewing applications for CIB, subsequent to an earlier case in which the SSA has made a finding of disability, are bound to the agency's prior disability determination. Based on these cases, the ALJ need not make a separate disability determination at the time the claimant files for CIB, but instead should only consider the appropriate onset date.

**3**

Social Security Rule 83-20 fails to explicitly address whether the prerequisite finding of disability must be in the case instantly before the ALJ, or if a previous finding of disability is sufficient to trigger its application. For a number of reasons, the Commissioner's position has some merit. First, the ALJ is only to consider evidence presented in the claimant's claim file. *See* 20 C.F.R. § 404.1520 (3) ("We will consider all evidence in your case record when we make a determination or decision whether you

are disabled."). Because Smits' present claim for CIB is separate and apart from her 1985 disability claim, it is not clear why the ALJ should be bound by this earlier finding, although there is no readily discernible reason why a file should be limited to one claim. Second, the approach lauded by Smits seems to take ALJs out of the five-step sequential process, which ALJ's are bound to follow, without any clear indication that such a detour is intended. *See* 20 C.F.R. § 404.1520. If ALJs are, in fact, supposed to defer to past findings of disability for purposes of applying SSR 83-20 then this could easily be made clear. For example, the following one line could be incorporated into the Act: "When evaluating a claim for Child Insurance Benefits, if the claimant has already been found disabled by another title of the Social Security Act, then the ALJ is required to follow the SSR 83-20 framework even where the ALJ finds that the claimant did not have a medically determinable impairment during the alleged disability period." The regulations have no such rule. Instead, the language of SSR 83-20 provides that ALJs are responsible for both making a disability determination and establishing an onset date. *See* SSR 83-20 at *1 ("In addition to determining that an individual is disabled, the decisionmaker must also establish the onset date of disability.") Third, the Court notes that a distinct process exists to amend an onset date.[2]

Smits' position resonates for a different reason. Since she has already been found disabled, going through the entire process again seems to put form over substance. Is it

---

[2] "A change in the alleged onset date may be provided in a Form SSA-5002 (Report of Contact), a letter, another document, or the claimant's testimony at a hearing." Titles II & Xvi: Onset of Disability, SSR 83-20 (S.S.A. 1983). The Court makes no representations about whether this process would have been available to Smits at the time of her application for CIB benefits or whether it applies to Smits in this situation, but only notes the alternative method of amending an onset date exists.

not more efficient to answer the question of when her disability began, rather than to go back and reconsider whether there is a disability at all?

While the Court finds the Commissioner's position understandable, other Courts have uniformly and unambiguously disagreed with it.  The Government, having failed to even recognize the aforesaid cases, has certainly not either rebutted or distinguished them.  In light of the record before this Court, and the significant case law support Smits' view, the case will be remanded to the ALJ to apply the SR 83-20 framework.

While "medical evidence serves as the primary element in the onset determination" under SSR 83-20, the "absence of contemporaneous medical records does not preclude a finding of disability."  *Houston*, 2011 WL 6152992, at *12.  In the case at hand, the ALJ based his opinion on the fact that "there [were] no medical signs or laboratory findings, including objective contemporaneous medical records or vision acuity tests, to substantiate the existence of a medically determinable impairment."  [Tr. 21.]  Quite understandably, because the ALJ did not attempt to apply SSR 83-20, his process does not comport with SSR 83-20's directive.  On remand, the ALJ is to apply SR 83-20 and, if necessary, a medical adviser shall be called upon to advise the ALJ on Smits' onset date.  *See* SSR 83-20 at *3.

Finally, the Court notes that some clarification on the above presented issue would be very helpful.  While the case law has uniformly developed in the direction described herein, this Court has serious doubts as to whether that evolution is consistent with the intent of the Act's authors.  Congress and the Commissioner should consider clarifying the issue for the sake of claimants, administrative law judges and the courts.

13

### III

The Court finds that the ALJ erred by not applying the correct legal standard while considering Smits CIB claim.  In light of this finding, it is unnecessary to consider Smits' remaining arguments at this time.  The case will be remanded pursuant to 42 U.S.C. § 405(g) and, on remand, the ALJ is to comply with those procedures set out in SSR 83-20, and review the relevant evidence of record to determine whether the onset date of Smits' disability was prior to her twenty-second birthday.

**ACCORDINGLY**, and the Court being sufficiently advised, it is hereby ordered as follows:

(1) Plaintiff's motion for Summary Judgment [R. 15] is **GRANTED**.

(2) Defendant's Motion for Summary Judgment [R. 18] is **DENIED**.

(3) The case is **REMANDED** for further proceedings**.**

(4) A judgment will be entered contemporaneously herewith**.**


This 6th day of February, 2015


Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**